Appeal having been taken from the order entered in this matter to the Court of Errors and Appeals, this memorandum is prepared and filed.
This matter first came before the court on February 16th, 1943, on an application for instructions by the Fidelity Union Trust Company, trustee, whether it should sell premises known as 4-8 Riverside Drive, Cranford, New Jersey, for the sum of $120,000, payable $30,000 cash and $90,000 secured by purchase-money mortgage due in ten years with interest at 4 1/2% per annum and annual amortization of 2 1/2%. *Page 321 
The attention of the court was called to the activity of a certain speculator who had attempted to influence certificateholders to refrain from expressing their views to the court for which reason I adjourned the matter for one week with directions to the trustee to investigate concerning such activities and report. On the adjourned date the trustee reported that the speculator in question was beyond the jurisdiction of the court and also informed the court that there were other persons present who desired to submit bids for the purchase of the property. A short adjournment was taken to permit competitive bidding at the close of which was submitted an all cash offer of $116,800 and a term offer of $135,000, payable $30,000 cash, balance of $105,000 secured by mortgage for ten years with interest at 4% and amortization of 2%. Only two investors holding a total of $6,600 out of an outstanding issue of $176,500 favored an all cash sale. Five investors holding in the aggregate $11,500 wrote letters stating they were opposed to a sale for less than 100 cents on the dollar. One investor holding $8,000, in writing stated that she refused to sell for less than $120,000 cash.
At the hearing another investor holding $2,000 in interest appeared and was opposed to a sale either for cash or on the terms then available. The Fidelity Union Trust Company as the holder of $68,740 favored the term sale. The remaining investors holding $79,660 did not respond to the trustee's notice recommending to the court a sale at $120,000 on the aforesaid terms and so were regarded by the court as favoring the term sale at $120,000 first submitted.
It appeared that for a period of five years the trustee had made efforts to sell the property and had listed the same for sale with fifty brokers but had failed to obtain an offer better than $120,000 on the aforesaid terms. It was this, together with what is related hereinabove that prompted the court, in the exercise of its best judgment to order the property sold.
The trustee's petition and the appraisals annexed thereto showed that the premises in question consisted of a three-story and basement brick walk-up type of apartment containing twenty-seven apartments and a one-story brick garage arranged for thirty-four cars. The improvement was fourteen *Page 322 
years old and was regarded by the trustee to be in good condition.
Generally, this court will not exercise the discretion reposed in a trustee. However, in this rehabilitation proceeding, the order appointing the trustee specifically grants leave to the trustee to "apply to this court for instructions or for approval of any act contemplated by him by petition entitled in this cause * * *."
In view of the inability of the trustee to effect a sale at a better price than $120,000 on terms, the absence of a market for many years, it seemed unwise not to accept one of the offers. The $135,000 offer on terms seemed to the court the better; the security appeared adequate and in yielding $18,200 more than the cash offer, reduced the investors' losses by 10% of what they would have suffered had the cash offer been approved. *Page 323